UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GRACIOUS HOME LLC, *et al.*,[1]<br><br>　　　　　　　　　　Debtors.<br>IRIS REYES, on behalf of herself and all others similarly situated,<br>　　　　　　　Plaintiffs,<br><br>　　- against -<br><br>GRACIOUS HOME HOLDINGS LLC,<br>GRACIOUS HOME PAYROLL LLC,<br>GRACIOUS HOME LLC,<br>GH EAST SIDE LLC,<br>GH WEST SIDE LLC,<br>GH CHELSEA LLC, and<br>GRACIOUS (IP) LLC,<br>　　　　　　　Defendants. | Chapter 11<br><br>Case No. 16-13500-mkv<br><br>Jointly Administered<br><br><br><br>Adv. Pro. No. 17-_____-mkv |

## COMPLAINT

Plaintiff Iris Reyes, on behalf of herself and a class of all other similarly situated former employees of Defendants, alleges:

## NATURE OF ACTION

1.　　Plaintiff commenced this action on behalf of herself and all other similarly situated former employees who were terminated without cause during the 30-day period following the commencement of Defendants' chapter 11 cases on December 14, 2016 as part of plant closings or mass layoffs ordered by Defendants, and who were not provided at least 90 days' prior written notice of their terminations, as required by the New York State WARN Act (the "Class").

---

[1] The Debtors in the above-captioned chapter 11 cases are: Gracious Home Holdings LLC, Gracious Home Payroll LLC, Gracious Home LLC, GH East Side LLC, GH West Side LLC, GH Chelsea LLC, and Gracious (IP) LLC.

2. Plaintiff, on behalf of herself and the Class, seeks allowance as an administrative expense of up to 60 days' wages and benefits pursuant to pursuant to Labor Law § 860-g(1)-(2). Plaintiff also seeks allowance as an administrative expense of reasonable attorneys' fees and costs incurred in prosecuting this action, as authorized by Labor Law § 860-g(7).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

4. Venue in this Court is proper under 28 U.S.C. § 1409.

5. Plaintiff consents to entry of final orders or judgments by this Court.

## THE PARTIES

6. Defendants are LLCs organized under Delaware law and headquartered in New York.

7. Defendants operated a housewares and home furnishings business at several retail store and warehouse locations under the Gracious Home name. Defendants' retail stores were located at 1992 Broadway, 1201 and 1210-20 Third Avenue, and 45 West 25th Street in Manhattan. Defendants' warehouse was located at 3030 Woodside Avenue in Queens. The foregoing locations are referred to herein as the "Facilities."

8. Plaintiff was employed as Manager of the 1201 Third Avenue Facility prior to her termination on or about December 29, 2016. She had been employed by Defendants for 22 years prior to her termination.

## SINGLE EMPLOYER ALLEGATIONS

9. Defendants operated as a single business enterprise under Labor Law § 860-a(3). Defendants are directly or indirectly owned and controlled by Americas Retail Flagship Fund LLC and Gracious Partners LLC, and are thus under common ownership and control; they have common directors and officers, as Robert Morrison and Patrick Klosterman are the CEO and Head

of Finance for each Defendant; personnel policies for each Defendant emanated from a common source, Defendants' HR Director, Jenna Everhart; and Defendants depended on each other to operate their business, as they established separate entities to hold intellectual property and handle payroll across the enterprise.

## CLASS ALLEGATIONS

10.    Persons in the Class are so numerous joinder of all members is impracticable.  The WARN Notice Defendants filed with the New York State Department of Labor, dated December 13, 2016 and as amended on February 13, 2017, states a total of 114 employees were affected by plant closings at Defendants' retail stores between December 18, 2016 and January 6, 2017.

11.    Common questions of law and fact exist as to Class members, such as whether Defendants terminated their employment without cause and without giving them at least 90 days' prior written notice, as required by Labor Law § 860-b(1); whether Defendants unlawfully failed to pay them up to 60 days' wages and benefits as required by Labor Law § 860-g(1)-(2); and whether Defendants are a single employer.

12.    Plaintiff's claims are typical of those in the Class.  Plaintiff, like other Class members, worked at one of the Facilities and was terminated without cause due to a plant closing or mass layoff.

13.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has engaged counsel that is competent and experienced in complex bankruptcy litigation, and has the resources needed to represent the Class effectively.

14.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members thereof, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly where, as here, individual plaintiffs may lack

the financial resources needed to prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual Class members are small relative to the expense and burden of individual prosecution of this litigation.

15. Concentrating all potential New York State WARN Act litigation in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve judicial and party resources, and is the most efficient means of resolving Class members' rights.

**COUNT 1**
**New York State WARN Act**
**(Against all Defendants)**

16. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

17. Defendants are an "employer" under Labor Law § 850-a(3). Defendants operated a business enterprise that employed at least 50 employees who worked full-time or at least 2,000 hours per week. Indeed, Defendants acknowledged in their first day declaration they employed 92 full-time employees as of the commencement of their chapter 11 cases.

18. Defendants ordered plant closings or mass layoffs at the Facilities during the 30-day period following December 14, 2016. Indeed, Defendants acknowledged in the WARN Notice filed with the Department of Labor that plant closings took place at Defendants' retail Facilities between December 18, 2016 and January 6, 2017. Plaintiff was terminated as a result of the plant closing or mass layoff at her Facility.

19. Defendants were required to, but did not, give Plaintiff and each Class member at least 90 days' prior written notice of their termination pursuant to Labor Law § 860-b, and instead sent its employees a WARN Notice dated December 16, 2016 shortly before their termination.

20.     Defendants are liable to Plaintiff and each Class member for back pay and benefits under Labor Law § 860-g(1)-(2) each of them would have received absent Defendants' noncompliance. Their resulting claims are entitled to administrative priority under 11 U.S.C. §§ 503, 507(a)(2).

WHEREFORE, Plaintiff, on behalf of herself and on behalf of all other similarly-situated former employees, respectfully requests the following relief against all Defendants, jointly and severally: (1) certification that Plaintiff and such former employees constitute a single Class; (2) designation of Plaintiff as Class representative; (3) appointment of the undersigned attorneys as Class counsel; (4) a judgment in favor of Plaintiff and each Class member equal to the sum of their unpaid wages for 60 days following the earlier of their terminations or their receipt of Defendants' WARN Notice, plus the value of benefits they would have received during that period; (5) a determination that the resulting claims are entitled to priority as an administrative expense; (6) an allowed administrative expense for reasonable attorneys' fees and costs incurred in prosecuting this action; and (7) such other and further relief as this Court deems just and proper.

Dated: February 27, 2017
      New York, New York

STORCH AMINI P.C.

/s/ Jeffrey Chubak
Steven G. Storch
Jeffrey Chubak
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Plaintiff and Putative Class*